# CIRCUIT COURT OF THE CITY OF RICHMOND

Brent R. Drapeau

v.

Beth Ann Kaiser
and Cottingham & Butler
Ins. Serv., Inc.,
d/b/a/ Cottingham & Butler Ins., Inc.

## Case No. LF-2655-1

BY JUDGE MELVIN R. HUGHES, JR.

### July 24, 2000

This matter is before the court on defendants' demurrer. After the benefit of [counsels'] letters regarding the conflict of law issue, I have had an opportunity to further consider the matter.

The demurrer to Count II claims a cause of action pursuant to Virginia Code §§ 47.1-27 and 47.1-28 against defendant Kaiser for misconduct as a notary. The court agrees with the defendant that because Kaiser is not alleged to be a notary licensed in Virginia, the statutes cited by plaintiff do not apply to her. Therefore, the demurrer is sustained as to Count II of the Motion for Judgment.

With regard to the remaining issues raised by the demurrer, I am still concerned that the Motion for Judgment suggests that acts forming the basis of plaintiff's contract and tort actions may have happened outside of the Commonwealth. If so, Virginia law does not apply, and the court will not offer an advisory opinion on the sufficiency of plaintiff's claims if they were to arise under Virginia law.

Furthermore, a reasonable inference can be drawn that the relevant acts occurred in Iowa, but the Motion for Judgment is not clear. Therefore, plaintiff should amend the Motion for Judgment to show where the acts giving rise to the causes of actions took place. Plaintiff should also explain what

state's law should apply to each cause of action based on the facts as pleaded so that defendants and the court can be advised.

## February 16, 2001

This case is before the court on the demurrers of both defendants to plaintiff's Amended Motion for Judgment. Defendants have also filed Special Pleas of Res Judicata and Motions in Opposition to Plaintiff's Nonsuit of Count II of the Amended Motion for Judgment. Lastly, defendant Cottingham and Butler Insurance Service has filed a Request for Judicial Notice and a Second Motion in the Nature of Craving Oyer.

In a prior ruling on defendants' demurrer, in an order implementing that ruling, the court sustained the demurrer to Count II of the original Motion for Judgment. The order allowed plaintiff leave to amend. Now, by Motion in Opposition to Plaintiff's Nonsuit, defendants contend that plaintiff cannot take a nonsuit of that count pursuant to plaintiff's Motion because the court dismissed that claim in sustaining the demurrer. The court does not agree with defendants. Nothing in the letter or the order mentions dismissal of the count. Indeed, plaintiff was granted leave to amend. In such instances there has been no adjudication on the merits as would be the case if the court had dismissed the count without leave to amend. See also § 8.01-273. Accordingly, plaintiff is permitted a nonsuit as to Count II.

Turning now to the demurrers, for the reasons mentioned in the defendants' brief in support of their demurrers, the demurrers to Counts I, III, IV, V, and VI are sustained without leave to amend. Also, the claims for punitive damages and attorney's fees as to these counts are dismissed without leave to amend. The remaining Counts, VII and VIII, are sufficiently pleaded. *See Town & Country Properties v. Riggins*, 249 Va. 387 (1995).

With respect to punitive damages alleged in the remaining counts, the demurrer is overruled. As to attorney's fees the demurrer is also overruled.